IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAROLE HOLICK,                          :
                                        :
        Plaintiff,                      :
                                        :
        v.                              : Civil Action No. 04-0828 JJF
                                        :
DAVID OPPENHEIMER AND COMPANY           :
LIMITED PARTNERSHIP, d/b/a THE          :
OPPENHEIMER GROUP,                      :
                                        :
        Defendant.                      :

**MEMORANDUM ORDER**

Pending before the Court is the Motion To Strike Paragraph 41

Of Plaintiff's Complaint (D.I. 7) filed by Defendant, David

Oppenheimer And Company Limited Partnership d/b/a The Oppenheimer

Group ("Oppenheimer").

Plaintiff, Carole Holick, brings this action pursuant to Title

VII of the Civil Rights Act of 1962 ("Title VII"), alleging that she

was subjected to a hostile work environment and constructively

discharged from her employment with Oppenheimer.  The basis of Ms.

Holick's Complaint is that her supervisor was given preferential

treatment in a workplace situation because the supervisor was

engaged in a sexual relationship with a male manager at Oppenheimer.

By its Motion, Oppenheimer asks the Court to strike paragraph

41 of Ms. Holick's First Amended Complaint (D.I. 4), wherein Ms.

Holick alleges that her supervisor told her that the male manager

had given the supervisor a sexually transmitted disease.

Oppenheimer contends that this allegation has no bearing on any of

Ms. Holick's claims and is impertinent and scandalous.

In response, Ms. Holick contends that paragraph 41 is material
and probative of the unlawful discriminatory motive for
Oppenheimer's actions against her.  Specifically, Ms. Holick
contends that the supervisor's alleged statement against interest is
Ms. Holick's means of proving the fact that the supervisor and the
manager had a sexual relationship.  Further, Ms. Holick contends
that the allegation is not redundant or scandalous, and that
Oppenheimer is able to frame a responsive pleading and defend
against the allegation.

Rule 12(f) provides that "the court may order stricken from any
pleading . . . any redundant, immaterial, impertinent, or scandalous
matter."  Fed. R. Civ. P. 12(f).  However, such motions are
generally disfavored, unless the matter is clearly irrelevant to the
litigation or will prejudice the adverse party.  See Rechsteiner v.
Madison Fund, Inc., 75 F.R.D. 499, 505 (D. Del. 1977); Schwarzkopf
Tech. Corp. v. Ingersoll Cutting Tool Co., 820 F.Supp. 150, 154 (D.
Del. 1992).

The Court agrees with Ms. Holick that, because the supervisor's
alleged statement is probative of the nature of the relationship
between the supervisor and the male manager, the statement may be
material to and probative of Ms. Holick's claim of discriminatory
motive.

NOW THEREFORE, IT IS HEREBY ORDERED that the Motion To
Strike Paragraph 41 Of Plaintiff's Complaint (D.I. 7) filed by

Defendant David Oppenheimer And Company Limited Partnership is

**DENIED**.

July 14, 2005
      DATE                                   UNITED STATES DISTRICT JUDGE