IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAROLE HOLICK** | : | **CIVIL ACTION** |
| Plaintiff, | : | NO. 04-0828 (JJF) |
| v. | : | |
| **DAVID OPPENHEIMER AND COMPANY LIMITED PARTNERSHIP, d/b/a THE OPPENHEIMER GROUP**, a Washington limited partnership, | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

### AMENDED ANSWER TO FIRST AMENDED COMPLAINT[1]

Pursuant to Fed. R. Civ. P. Rule 12(a)(4)(A), defendant David Oppenheimer and Company Limited Partnership ("Defendant" or "Oppenheimer") responds to the First Amended Complaint of Plaintiff Carole Holick ("Plaintiff") as follows:

1. Admitted that this is a civil action seeking the damages and injunctive relief described in paragraph 1 of the Amended Complaint. The remaining averments of paragraph 1 of the Amended Complaint are denied.

2. The averments of paragraph 2 of the Amended Complaint state conclusions of law to which no response is required.

---

[1] Admitted that an Amended Complaint was filed, that the name of the defendant was changed and that footnotes were added and substantive changes were made to the Complaint. The remaining averments of footnote 1 of the Amended Complaint state conclusions of laws to which no response is required.

3. The averments of paragraph 3 of the Amended Complaint state conclusions of law to which no response is required. To the extent that a response may be required, said averments are denied.

4. The averments of paragraph 4 of the Amended Complaint state conclusions of law to which no response is required. To the extent that a response is required, said averments are denied.

5. The averments of paragraph 5 of the Amended Complaint that all conditions precedent to jurisdiction have occurred and that Plaintiff filed a timely administrative complaint and that Defendant has suffered no prejudice state conclusions of law to which no response is required. Admitted that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission against The Oppenheimer Group, which is Defendant's trade name and that those proceedings have been terminated. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff received a Notice of Right to Sue on or about April 8, 2004. Defendant denies the remaining averments of paragraph 5 of the Amended Complaint.

6. Admitted.

7. Denied.

8. Denied that any of the unlawful employment practices complained of occurred. The remaining averments of paragraph 8 of the Complaint state conclusions of law to which no response is required.

9. Admitted that Plaintiff was employed by Defendant from April 29, 1998 until March of 2003 and that she is a white female with a date of birth of September 3, 1959. It is further admitted that she was eligible for benefits including 401(k), vacation, sick pay, medical,

dental, vision and life insurance. The remaining averments of paragraph 9 of the Amended Complaint are denied.

10.  Admitted that Defendant is a Washington limited partnership. The remaining averments of paragraph 10 of the Amended Complaint are denied.

11.  Admitted.

12.  Admitted.

13.  Denied.

14.  Denied.

15.  Denied.

16.  Denied.

17.  Admitted that Plaintiff told Ms. Welsh to stop manhandling her and that Ms. Welsh responded that she was not manhandling her. The remaining averments of paragraph 17 of the Amended Complaint are denied.

18.  Admitted that Plaintiff stated that she resigned and initially did not report to work on February 24, 2003. However, Mr. Smirniotis encouraged Plaintiff to take a week off with pay and reconsider her decision. It is further admitted that Mr. Smirniotis used the phrase "lay low" during his conversation with Plaintiff on that date. The remaining averments of paragraph 18 of the Amended Complaint are denied.

19.  Denied.

20.  Admitted that Mr. Smirniotis spoke with employees about what they had observed. The remaining averments of paragraph 20 of the Amended Complaint are denied.

21.  Admitted that Mr. Smirniotis told Plaintiff that Ms. Welsh would be suspended without pay until March 10, 2003. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining averments of paragraph 21 of the Amended Complaint and therefore denies same.

22. Denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the Complaint.

25. Denied.

26. Admitted.

27. Admitted that on March 3, 2003, Plaintiff was asked to and did meet with Quality Control Manager Joe Mazur and Operations Manager Terrence Kelly. At this meeting, Plaintiff was informed that Mr. Kelly would supervise Plaintiff but that she would still need to interact with Ms. Welsh to perform her duties. It is admitted that Plaintiff was told that in sum and substance "things would not be the same" to describe her new reporting relationship with Mr. Kelly. The remaining averments of paragraph 27 of the Amended Complaint are denied.

28. Denied.

29. Denied.

30. Admitted that Ms. Welsh's desk was not relocated. The remaining averments of paragraph 30 of the Amended Complaint are denied.

31. Denied.

32. It is admitted that Mr. Kelly typically works outside of the office when vessels come into port that require his attention. It is further admitted that Mr. Kelly was in the office on

March 3, 4 and 5. The remaining averments of paragraph 32 of the Amended Complaint are denied.

33. Denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments concerning her medical treatment. The remaining averments of paragraph 34 of the Amended Complaint are denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the Amended Complaint.

36. Denied.

37. Admitted that on or about March 6, 2003, Ms. Calibaba suggested to Plaintiff that she see Dr. Robert Morton. Denied that Dr. Morton is a psychiatrist. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 37 of the Amended Complaint.

38. Admitted.

39. Denied.

40. Admitted.

41. Admitted.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

- 6 -

48. Denied.

49. Denied.

50. Denied.

51. The averments of paragraphs 1 through 50 above are incorporated herein as if set forth at length.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Defendant denies that Plaintiff suffered any injury resulting from any unlawful conduct by Defendant or its employees. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 56 of the Amended Complaint.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. The averments of paragraphs 1 through 60 above are incorporated herein as if set forth at length.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. The averments of paragraphs 1 through 68 above are incorporated herein by reference as if set forth at length.

70. Denied.

71. Denied.

72. Admitted.

73. Denied.

74. Denied.

75. Denied.

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims because Plaintiff failed to comply with some or all of the prerequisites for the maintenance of a civil action under Title VII.

### SECOND DEFENSE

Any claim under Title VII that did not occur within 300 days before the filing with the EEOC of the charge of discrimination that provides the jurisdictional predicate of that claim is barred.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff has failed to make reasonable efforts to mitigate her damages.

## FIFTH DEFENSE

To the extent that Plaintiff has had any earnings subsequent to her cessation of employment with the Defendant, Defendant is entitled to a set-off.

## SIXTH DEFENSE

Plaintiff consented to the conduct she alleges to be unlawful or improper in Count III of her Amended Complaint.

## SEVENTH DEFENSE

To the extent that any of the alleged conduct claimed to be harassment occurred, Plaintiff consented to, encouraged, provoked, precipitated and/or caused the behavior.

## EIGHTH DEFENSE

The Company undertook certain of the employment actions regarding Plaintiff for legitimate business reasons.

## NINTH DEFENSE

The alleged conduct was not the proximate cause of any damages suffered by Plaintiff.

## TENTH DEFENSE

Defendant is not liable for the conduct of its employees, including those acting outside the scope of their employment.

## ELEVENTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any sexually harassing or retaliatory behavior and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities afforded by Defendant or to otherwise avoid harm.

### TWELFTH DEFENSE

Defendant cannot be held liable for the alleged harassment because Plaintiff did not timely report that she was being harassed or ever report some or all of the actions she claims in this litigation to be harassment or give Defendant an opportunity to take corrective action.

### THIRTEENTH DEFENSE

Defendant cannot be liable for the alleged harassment or discrimination because Plaintiff did not suffer any tangible adverse employment action in connection therewith.

### FOURTEENTH DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted.

### FIFTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the Workers' Compensation Law.

WHEREFORE, Defendant David Oppenheimer and Company Limited Partnership respectfully requests as follows:

(a) That judgment be entered against Plaintiff and in favor of Defendant and that the Complaint be dismissed with prejudice;

(b) That Defendant be awarded all of its costs; and

    (c)    That Defendant be awarded reasonable attorneys' fees and such other and further relief as this Court may deem just and proper.

                                                    Wolf, Block, Schorr and Solis-Cohen LLP

                                                    By: /s/ Barry M. Klayman
                                                    Barry M. Klayman (No. 3676)
                                                    Wilmington Trust Building
                                                    1100 North Market Street
                                                    Suite 1001
                                                    Wilmington, DE 19801
                                                    (302) 777-0313

                                                    Attorneys for Defendant

Of Counsel:
Jonathan D. Wetchler, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
(215) 977-2134

Dated: July 28, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2005, I caused a true and correct copy of the foregoing Amended Answer to First Amended Complaint to be served via ECF notification and first class mail, U.S. postage prepaid, to the following:

> John M. LaRosa
> Law Office of John M. LaRosa
> Two East 7th Street, Suite 302
> Wilmington, DE 19801-3707
>
> Thomas S. Neuberger, Esquire
> The Neuberger Firm, P.A.
> Two East 7th Street, Suite 302
> Wilmington, DE 19801-3707

/s/ Barry Klayman
Barry M. Klayman (#3676)